IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-2744

CENTER FOR NATIVE ECOSYSTEMS,
SOUTHERN UTAH WILDERNESS ALLIANCE,
UTAH NATIVE PLANT SOCIETY, and
COLORADO NATIVE PLANT SOCIETY

    Plaintiffs,

v.

UNITED STATES FISH AND WILDLIFE SERVICE and
KEN SALAZAR, in his official capacity as Secretary of the
United states Department of the Interior,

    Defendants.

## ORDER

This matter comes before me on Defendants' Motion to Strike Extra-Record Declarations and Documents. (Docket No. 33). For the reasons set forth below, I grant in part and deny in part.

FWS seeks to strike portions of the standing declarations of Erin Robertson (Docket No. 31-1) that detail the history of the dispute and information received post-decision (¶¶ 8-16), and reveal internal BLM email strings (Exhibits A-F to Docket No. 31-1); Leila Shultz's averments that rebut allegations that the Penstemon grows generally on slopes that are too steep to accommodate oil and gas wells. (Docket No. 31-2, ¶¶ 16-18); Vincent Tepedino's assertions that the species is rare, has few genetic individuals, is dependent on a pollen wasp for pollination, and is endangered by grazing

at each stage of its life (Docket No. 31-3, ¶¶ 8-11); and of Ray Bloxham who makes legal conclusions concerning FWS's methodology, refers to extra-record reports, and concludes that the Penstemon is likely a lost species (Docket No. 31-4, ¶¶ 8-9) (collectively, "Declarations"). Defendants also seek to strike references to 72 Fed. Reg. 53211 (announcing that the reclassification of *Sclerocactus brevispinus* ("Pariette cactus") as endangered is warranted) and 72 Fed. Reg. 53215 (stating conservation efforts have been insufficient to protect the Pariette cactus from noxious weeds, habitat fragmentation, livestock trampling, and ORV use, which threaten the survival of the species) ("Federal Register Notice"). Finally, Defendants seek to strike the *FWS Oil Shale Comments to Programmatic Oil Shale Draft EIS* (Mar. 21, 2008 at 5-6) that react to BLM's draft commercial oil shale leasing program stating that FWS had relied on the BLM's assurances that "surface mining was an unlikely development scenario for oil shale" in deciding not to list the Penstemon and threatened. Docket No. 31 at 27-28. Plaintiff's response asks that I take judicial notice of the Federal Register Notice and the FWS comments.

## STANDARD OF REVIEW

The overarching standard in a review of an agency action is that it must be based on and should go beyond the record only in limited circumstances. *See Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) (considering extra-record materials only "in extremely limited circumstances, such as where the agency ignored relevant factors it should have considered or considered factors left out of the formal record"). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the

2

challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Utahns for Better Transp. v. U.S. Dept. of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002) (citing *Sierra Club v. Hodel*, 848 F.2d 1068, 1093 (10th Cir.1988)).

The standard for review for motions to strike allows the Court to strike from a pleading any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f) ; *see also*, *McArdle v. AT & T Mobility LLC*, 657 F. Supp. 2d 1140 (N.D. Cal. 2009). Redundant matters consist of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be decided. *See Manhattan Fire & Marine Ins. Co. v. Nassau Estates II*, 217 F. Supp. 196 (D. D.N. 1963). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524, 1527 (9th Cir. 1993). A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id.* A matter is scandalous "if they degrade defendant's moral character, contain repulsive language, or detract from the dignity of the court." *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).

The taking of judicial notice under Rule 201(d) is mandatory "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). In effect, Plaintiffs request that I take judicial notice of the proposed rules concerning the Pariette cactus. Further, pursuant to 44 U.S.C. § 1507, "the contents of the Federal Register shall be judicially noticed." Judicial notice can be taken at any stage of the proceedings, including during appeal. Fed. R. Evid. 201(f); *see also*, *CGC Enters. v. State Bd of Tax Comm'rs.*, 714 N.E. 2d 801, 803 (Ind. Tax 1999).

## DISCUSSION

I apply these legal standards to the issues presented by the Motion to Strike as follows:

1. Declarations

The Declarations at issue are beyond the record reviewed by FWS. Plaintiff states that the Declarations were submitted for the limited purpose of demonstrating standing. *See* Docket No. 35, Part I at 4. Defendants do not dispute standing. Therefore, the particular Declarations shall be stricken as immaterial and redundant given the absence of a standing issue.

2. Federal Register Citations

Although the Federal Register entries are not part of the administrative record, I must, by rule and statute, take judicial notice of them. *See* Fed. R. Evid. 201(d) and 44 U.S.C. § 1507. Even though judicial notice must be taken, it does not mean the matters are admissible for consideration on the notice. The requirement does not override the evidentiary requirements of relevancy. *United States v. Wolny*, 133 F.3d 758 (10th Cir. 1998) (citing Fed. R. Evid. 402).

As presented, the relevance and materiality of the Pariette cactus items from the Federal Register cited are unclear. The study and proposed ruling concerning the cactus in the same geographic area are approximately contemporaneous to the review of the Penstemon but they are clearly extra-record. Accordingly, I shall deny without prejudice Plaintiff's request to take judicial notice of 72 Fed. Reg. 53211 and 72 Fed. Reg. 53215, pending further review of the issue.

3. Post-Rule Comments

FWS's post-rule comments are not in the Federal Register, and therefore, judicial notice is not mandated. The comments are clearly post-decisional and extra-record. Therefore, they are not relevant to my review of the record of the FWS decision to delist the Penstemon. Accordingly, I shall deny Plaintiff's motion to take judicial notice of the comments.

## CONCLUSION

1. The Motion (Docket No. 33) is granted in part and denied in part.
2. Standing being recognized, the motion to strike is granted as to the particular claims of the declarations as immaterial and redundant.
3. The motion is denied as to the matters in 72 Fed. Reg. 53211 and 72 Fed. Reg. 53215 without prejudice, pending further review of the record.
4. The motion to strike is granted as to the post-rule comments as immaterial.

DATED at Denver, Colorado on May 20, 2010

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge